UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES E. CUNNINGHAM, SR.,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CASE NO. 3:16-cv-1235 (VLB) |
| CAPTAIN KNAPP, et al.,<br>    Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER RE AMENDED COMPLAINT

Plaintiff, James E. Cunningham, Sr., currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, has filed an amended complaint in accordance with the Court's December 8, 2016 Order. Plaintiff names as defendants Correctional Officer Smith, Nurse Kyssandra Miller, Warden Farrell, Doctor Jane Doe and Correctional Lieutenant John Doe. All defendants work at Bridgeport Correctional Center and are being sued in their individual capacities only. Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs while he was on pretrial detainee.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations

are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

Plaintiff suffers from a torn anterior cruciate ligament and has been prescribed a special knee brace that acts as a metal exoskeleton holding his knee in place.  The brace prevents additional damage from dislocation of the knee.  Doc. #9, ¶ 8.  The brace also permitted Plaintiff to walk safely about the correctional facility and engage in exercise.  Doc. #9, ¶ 12.  An orthopedist with the Department of Correction authorized use of the brace.  Doc. #9, ¶11.

When Plaintiff returned to Bridgeport Correctional Center from court on the second day of his confinement there, he was served with a disciplinary report that had been issued at Northern Correctional Institution before Plaintiff's transfer.  Defendant Smith placed Plaintiff in restrictive housing.  Doc. #9, ¶ 19.

Defendant Smith and a nurse, presumably defendant Miller, took Plaintiff's brace. Doc. #9, ¶ 20. Plaintiff was not provided any crutches, walker or other mobility aid. After five days, Plaintiff was returned to general population. The brace was not returned and no other mobility aid was provided. Plaintiff was required to go to and from court, including negotiating stairs and accessing the transport van, with no assistive devices for thirty days. Doc. #9, ¶ 20.

Plaintiff was unable to walk about his cell to use the sink or toilet without experiencing pain. Doc. #9, ¶ 22. Plaintiff was not provided any pain medication during this period. Doc. #9, ¶ 21. As a result of the denial of the brace, Plaintiff suffered additional injuries to his knee necessitating surgery. Doc. #9, ¶¶ 22, 24. Plaintiff was unable to participate in exercise or other physical activities. Doc. #9, ¶23. He was unable to shower. Doc. #9, ¶25.

## II. Discussion

Plaintiff asserts a claim for deliberate indifference to serious medical needs for denying him his properly prescribed knee brace.[1]

To state a claim for deliberate indifference to a serious medical need, Plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter,* 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble,* 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the

---

[1] This claim was included as Count Four of the original complaint.

deliberate indifference standard.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006).  Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983*.  See id.*  Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference.  *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Plaintiff alleges that the defendants failed to comply with doctor's orders that he be permitted to use his knee brace.  Failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need.  *See Estelle*, 429 U.S. at 104-05; *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Prison officials are more than negligent if they deliberately defy the express instructions of a prisoner's doctor.").  Accordingly, the claim will proceed.

Plaintiff has not alleged any facts showing the involvement of Doctor Jane Doe 1 or Lieutenant John Doe 1 in his claims.  It is well settled in this circuit that a

plaintiff must allege facts demonstrating the personal involvement of each defendant in the alleged constitutional violation before damages can be awarded. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  Plaintiff includes no reference in his amended complaint to Doctor Doe 1 or Lieutenant Doe 1.  He does not allege that they were responsible for, or even aware that, Plaintiff was not permitted to use his brace.  The claims against defendants Doctor Doe 1 and Lieutenant Doe 1 are dismissed without prejudice.

Regarding defendants Smith and Miller, Plaintiff alleges only that they took his brace when he was first confined in restrictive housing.  He alleges no facts suggesting that either defendant had any further contact with him.  He fails to allege facts showing that either defendant was aware of the doctor's order that he be permitted to use the brace, the severity of his need for the brace, and the pain and hardship he suffered while the brace was denied.  Thus, Plaintiff fails to allege facts to support the subjective component of the deliberate indifference standard.

Warden Farrell is a supervisory official.  To state a claim for supervisory liability, Plaintiff must demonstrate one or more of the following criteria:  (1) the defendant actually and directly participated in the alleged action, (2) the defendant failed to remedy a wrong after being informed of the wrong though a report or appeal, (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional

violation or permitted such a policy or custom to continue, (4) the defendant was grossly negligent in their supervision of the officers who committed the constitutional violation, or (5) the defendant was deliberately indifferent to Plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  Plaintiff also must demonstrate a causal link between the actions of the supervisory official and his injuries.  *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

Plaintiff alleges that the "warden did not help get it back only made excuses and lied why."  Doc. #9, ¶ 23.  This conclusory statement does not indicate when Plaintiff contacted Warden Farrell or the contents of the warden's response.  Absent such information, the Court cannot determine whether Plaintiff states a cognizable claim against Warden Farrell.

The amended complaint is dismissed without prejudice for failure to allege facts to support a cognizable claim.  Plaintiff may file a second amended complaint to reassert claims relating to these defendants provided he can allege facts demonstrating the involvement of these three defendants in the deprivation of Plaintiff's knee brace and showing deliberate indifferent to his serious medical needs.

Although Plaintiff seeks injunctive relief in his amended complaint, he has named the defendants in individual capacity only.  "'[I]njunctive relief against a state official may be recovered only in an official capacity suit … because '[a]

victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him.'" *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 80 (D. Conn. 1998) (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1999) and *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985)). Further, even if the defendants had been named in their official capacities, all the defendants were at Bridgeport Correctional Center and have no control over Plaintiff's current medical care at MacDougall-Walker Correctional Institution, his place of confinement when he filed this action. All claims for injunctive relief are dismissed.

### III. Amended Motion for Appointment of Counsel

Plaintiff seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

In denying Plaintiff's prior motion, the Court noted that Plaintiff had not indicated that he contacted Inmates' Legal Aid Program for assistance. In his amended motion, Plaintiff states that Inmates' Legal Aid Program have not responded to three letters and do not return phone calls. However, Plaintiff does

not state how much time has elapsed and therefore the Court cannot conclude that Inmates' Legal Aid Program is nonresponsive to Plaintiff's inquiries. The Court is aware of the increasing number of prisoner cases filed in this court and as a consequence there may be a delay in the Inmates' Legal Aid Program's practical ability to respond. Further, if there is a breakdown in this system, Plaintiff should address the issue through prison channels first.

In addition to cautioning the district courts against the "routine appointment of counsel," the Second Circuit has reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. The current record, consisting only of the Amended Complaint, is insufficient for the Court to determine whether Plaintiff's claims possess likely merit. Thus, appointment of counsel is premature at best.

The Court also notes that the claim is simple and straightforward. The relevant period is short in duration and the evidence is readily discovered by the Plaintiff. For these reasons also, appointment of counsel is premature. The amended motion for appointment of counsel is denied without prejudice.

### ORDERS

(1) This case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The claims for damages against the defendants in their individual capacities are dismissed without prejudice to filing a motion to reopen the case with a second

amended complaint provided Plaintiff can allege facts demonstrating the defendants' involvement in his claims and stating cognizable claims for relief against each defendant. The claims for injunctive relief are dismissed with prejudice.

(2)   If Plaintiff elects to seek to reopen the case in a motion accompanied by a second amended complaint, he shall do so by February 16, 2017. The Court will not entertain a motion to reopen absent a showing of good cause.

(3)   Plaintiff shall use the Prisoner Efiling System when filing documents with the Court.

(4)   Plaintiff's Amended Motion for Appointment of Counsel [Doc. #10] is DENIED without prejudice to refiling at a later stage of litigation.

The Clerk is directed to close this case.

SO ORDERED this 12th day of January 2017, at Hartford, Connecticut.

                                        /s/
                              Vanessa L. Bryant
                              United States District Judge